By the Court. Oakley, Ch. J.
The referee reported as matter of fact, that the basement of the premises in question had been leased by the plaintiff to some person other than the defendant, prior to the lease of the upper portion of the premises. The question is, whether if a landlord rent a part of a house to one tenant, and then apart of the same house to another, and the former enters "upon the occupation of the portion let to him, and appropriates R to purposes of the description complained of in this case, so as to render the other portion no. longer habitable; the lease to the latter is thereby determined, or he may refuse to pay rent.
The defendant’s counsel, upon the argument, relied upon the case of Dyett v. Pendleton, 8 Cowen 727, which decided, that where the lessor habitually brought lewd women into the same house, a part of which he had demised to a tenant, so as to compel the latter to remove his family by reason of the noise and disturbance, it would warrant a jury in finding an eviction, and debar the lessor of his rent.
This doctrine has never been applied to a case where the plaintiff himself has not been instrumental in producing the state of things set up as an eviction. We do not see on what principle the rule can be applied, where the landlord lets in good faith the part of the tenement whence the annoyance proceeds, and without any reason to suspect the purposes for which the premises are to be used.
It is said, however, that it was the duty of the landlord, upon ascertaining the character of the persons occupying his premises, and the uses to which they were perverted, to cause those tenants to be turned out, and thus to terminate the lease to them, under the remedy afforded him by the statute, which provides that whenever the lessee of any dwelling-house shall be convicted of keeping the same as a bawdy-house, the lease for the letting of the same shall thereupon become void, and the landlord may enter and obtain possession in the same manner as against a tenant holding over. (2 R. S. 702, § 29.)
The remedy conferred by the statute is not, however, to be set on foot by the landlord merely. Any person may institute a complaint against persons of such a disorderly character, and *333 procure their conviction. If the occupants of the basement in question had been convicted, we do not say, that the plaintiff would not have been obliged to resort to his remedy, and remove them from the premises. But it was not' more his duty than that of the defendant, to proceed to have them indicted, or to resort to the remedy against them on the ground of nuisance.
The extension of the doctrine of Dyett v. Pendleton to cases like this, would have an important influence on the rights of landlord and tenant in this city ; and we are unwilling to establish the precedent. We do not consider this case as falling within any of the grounds which have been sanctioned as showing an eviction; and the judgment must be affirined.(a)

 Affirmed in the court of appeals, Dec. 30, 1850.