Monell, J.
In the case of Gilhooley v. Washington (3 Sandf., 330) the law applicable to this case is stated to be, that a letting in good faith of the portion of the premises complained of, without any reason to suspect the purposes for which they are to be used, will not excuse the payment of rent by other tenants. This case was affirmed by the court of appeals, without disturbing any of the reasons upon which the judgment below was founded (4 N. Y. [4 Comst.], 217).
To operate as an eviction, and determine the lease, it was necessary for the defendant to show in this case that *61 the letting of the lower part of the building was for the purpose of being put to an improper use, or, at least, with the knowledge of the landlord that it was to be occupied for such improper purpose.
The court directed a verdict for the plaintiff, for the reason, as stated by the learned justice, that a verdict for the defendant would be set aside, as being against the clear weight of the evidence.
I have carefully read all the evidence given on the trial, and I have not found any which would have justified a verdict for the defendant.
The only piece of evidence which can be or is claimed ' to have some tendency towards supporting the defense and bringing the case within the rule of law above stated, is in the testimony of the defendant.
After stating the character of the occupancy of the' basement, and of giving notice thereof .to the plaintiff’s assignor, Wetmore, the defendant testified that he took the keys to Wetmore, and told him he abandoned the premises on account of the prostitution in the basement; to which Wetmore replied, “If I could let the basement for anything else, for a respectable business, I would have done so ; but I had to take what I can get, they are so far up.” And this is the only evidence upon which the defendant relies as showing a letting by Wetmore for purposes of prostitution, or a knowledge in him that the premises were to be used for such purpose.
To give the effect to this piece of evidence which the defendant claims should be given to it, it must of itself (for there is no other evidence to support or corroborate it) be sufficient to fairly establish that Wetmore, when lie let the premises to Brooks, knew that Brooks hired them for, and intended to use them in, the exceptionable manner complained of. It is not enough that Wetmore afterwards became aware of the objectionable use to which Brooks had put the premises.
This declaration of Wetmore was made some eighteen months after the letting to Brooks, and at the time the defendant was about to abandon the premises on ac *62 count of the misconduct of Brooks ; and the defendant was testifying to a conversation with Wetmore in respect to such misconduct, and its effect upon the defendant’s business.
A literal construction of a part of the language employed by Wetmore might possibly be, that he was aware of the use to which Brooks designed to put the premises. He said if he could let them for a respectable business, lihe would have done soBut, taking the whole declaration together, it is ent rely evident that he means, that if he could then le.t the premises for anything else he would do so ; for he said, “if I could let, &c.,” referring of course to the present, and not to the past.
> At the time Brooks fitted up the basement, there was nothing to awaken a suspicion that it was to be used for an improper purpose. It was fitted up as a bar and restaurant ; and neither Wetmore nor the defendant could suppose that Brooks intended to allow the premises to be used for purposes of prostitution. Nor was there any fact or circumstance shown which was calculated to apprise Wetmore, or from which it could be inferred that he knew at the time of letting to Brooks that they would be used for an improper and injurious purpose. Therefore, to justify a verdict for the defendant, the declaration testified to must be taken to be of itself sufficint evidence of such knowledge in Wetmore. I am not willing to' give it such weight. It is, in my judgment, too loose, and too uncertain as to its meaning, to justify, without corroboration or support, a conviction of Wet-more of being a party to the designs of Brooks.
I am, therefore, of the opinion that there was not sufficient evidence to sustain the defense, and that the direction to find a verdict for the plaintiff was correct.
The judgment should be affirmed.
McCunn, J.
In effect, this is an action of covenant for a quarter’s rent, alleged to be due August 1, 1862. *63 The defense interposed is, that by consent and connivance of the landlord the basement of the house in question'was converted into a place of prostitution, and that, by reason thereof, the appellant (lessee) was obstructed and defeated in his business ; and that, in consequence, and before the rent in controversy, or any portion of it, accrued due, he abandoned the premises. In other words, the answer sets up a plea of eviction.
'Apart from any special covenant, a demise imports, ex m termini, a warranty of peaceable possession, and a proper plea of eviction is always a sufficient answer to an action for rent, even on a lease under seal. The question is, was there, in the present instance, an eviction, in the legal sense of the word % Anciently, nothing short of an actual expulsion operated an eviction ; but, in modern times the rule has been liberalized in favor of the tenant; and now any intentional and injurious interference by the landlord with the beneficial enjoyment of the premises will discharge the tenant from his obligation for the rent. The interruption, however, must be the work of the landlord, and he is not responsible for the misconduct of third parties.
The defense, in this case, turns on the point, whether the landlord be implicated in the establishment or continuance of a bawdy-house in the basement of the demised premises. If he is not instrumental either in the creation or continuance of the nuisance, the plea of eviction is without support (Gilhooley v. Washington, 4 N. Y. [4 Comst.], 217). A mere omission on his part to abate the nuisance has never been held an answer to an action for rent (Gilhooley v. Washington, supra; Mortimer v. Brunner, 6 Bosw., 653 ; Ogilvie v. Hull, 5 Hill, 52).
An eviction, whether physical or moral, necessarily implies some affirmative misconduct on .the part of the landlord (Cohen v. Dupont, 1 Sandf., 260 ; Cram v. Dresser, 2 Id., 120) ; and such is the doctrine even in Pendleton v. Dyett (8 Cow., 727).
Now, in the present case, we see no evidence what *64 ever of such misconduct. The utmost urged against the plaintiff’s testimony, is that, informed of the nuisance, he neglected to abate it.
Of evidence of assent to the nuisance, if any, there is not enough to raise a reasonable presumption of the fact.
Hence, the case exhibits nothing that should have been submitted to the jury; and the court did not err in directing a verdict .for the plaintiff for the above reason.
I concur in sustaining the judgment below.
Judgment affirmed.